IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR No.  22-CR-00716-WJ |
| ) | |
| vs. ) | |
| ) | |
| **RUBEN PADILLA,** ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

### PROCEDURAL HISTORY

After being sentenced on December 7, 2020, to 48 months' imprisonment by this Court for one count of being a felon illegally in possession of a firearm, the Defendant was placed at the Federal Correctional Complex ("FCC") Beaumont, in Beaumont, Texas.  In the early Spring of 2022, the Defendant was given the opportunity to serve the final several months of his sentence at the Diersen Charities Residential Reentry Center ("RRC") in Albuquerque.  On March 23, 2022, the Defendant boarded a Greyhound bus to Albuquerque from Texas, travelled through the night, and arrived in Albuquerque on the morning of March 24, 2022.  Doc. 35 at 4.

Upon arrival at the RRC on March 24, the defendant was briefed on the rules and conditions of his custodial situation at the RRC, including the facts that he was still serving his prison sentence, was still in the custody of the U.S. Attorney General, and that departing the RRC without permission would be deemed an escape from custody of the Attorney General. The Defendant signed acknowledgement forms stating this same information, and the Defendant agreed by signing that he understood this information regarding his custody.  Doc. 35 at 4.

The next day, on March 25, 2022, the Defendant gathered all of his belongings and walked out of the RRC without permission. The Defendant never returned to the RRC. On April 6, 2022, an arrest warrant and criminal complaint charging the Defendant with escape were issued. Doc 1. Nearly a month after leaving the RRC, on April 19, 2022, U.S. Marshals located the Defendant at his wife's apartment in Albuquerque. As Deputy U.S. Marshals ("DUSM") attempted to execute the arrest warrant, the Defendant made an effort to barricade the bathroom door inside the apartment and escape out the bathroom window. His wife and wife's daughter initially physically obstructed the officers before the officers removed them from the apartment. Around the same time, the Defendant voluntarily came out of the bathroom and complied with the DUSM's commands. Doc. 35 at 4.

On April 28, 2022, the Defendant was indicted on one count of escape in violation of 18 U.S.C. § 751(a). Doc. 21. On July 26, 2022, the defendant pleaded guilty to the one count indictment. Doc. 32. Pursuant to the plea agreement, the parties agree that a specific sentence of 18 months is the appropriate disposition of this case.

A presentence investigation report (PSR) was prepared and disclosed on September 28, 2022. Doc. 35. The Defendant's adjusted offense level is 7, and his criminal history category is V, resulting in a guideline imprisonment range of 12–18 months. PSR ¶ 81. After consideration of the factors in 18 U.S.C. 3553(a), the PSR author determined that the agreed upon sentence may be warranted. PSR ¶ 97.

The United States has no objections to the amended presentence report in this matter and agrees that the facts, as outlined in the PSR under the Offense Conduct, adequately describe the nature of this offense. PSR ¶¶ 10–13. Additionally, the government concurs that the PSR correctly calculated the applicable total offense level and criminal history category.

For the reasons stated herein, the United States requests the Court accept the plea agreement and impose the agreed upon term of 18 months, followed by a two-year term of supervised release.

## ARGUMENT

The Court should apply *United States v Booker*, 543 U.S. 220 (2005), and *Rita v. United States*, 127 S.Ct. 2456 (2007), to arrive at a reasonable sentence for the defendant.  In doing so, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  These factors support the parties' agreed-upon sentence.

1. The Nature and Circumstances of the Offense

The nature and circumstances of the offense are adequately described in PSR ¶¶ 10–13. In short, the Defendant, a multiple-time convicted felon in both state and federal court, spent less than a day in the RRC, where he had been approved by the Bureau of Prisons to serve the remaining few months of his most recent federal prison sentence.  The Defendant then did not return to custody quietly or without incident, as the Defendant initially tried to escape again out of his wife's apartment when the U.S. Marshals Service found him nearly a month after his escape.  The agreed upon sentence of 18 months, a sentence within the guideline range for the instant offense, adequately takes into account the seriousness of the defendant's prior convictions, pre-existing federal sentence, and his conduct in the instant case.

2. History and Characteristics of the Defendant

The defendant's criminal history is also adequately described in PSR ¶¶ 29–56. Notably, this criminal history includes that the Defendant previously absconded from a halfway house while on supervised release from his 2012 conviction.  While absconding on that occasion, the Defendant committed additional federal offenses for which he was convicted in

2019, and was charged with several additional serious federal felonies, including "B-level" heroin offenses, which were eventually dismissed as part of the Defendant's plea agreement. The guns for which the Defendant was ultimately convicted of illegally possessing while absconding from supervised release to the halfway house included an untraceable (ghost gun) M-4 carbine rifle.   PSR at ¶ 39.

The government does not challenge the personal history of the defendant, as represented in the PSR, other than to note that the Defendant refused his interview with the U.S. Probation Office for this offense, and as a result the personal history in the PSR is history from his two prior PSRs from his federal convictions in 2012 and 2019.   PSR at ¶ 57.   The agreed upon sentence of 18 months takes into account the defendant's concerning criminal history over the course of the last 25 years and his personal history described in the PSR.

3. <u>The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant</u>

The sentence agreed upon by the parties is a sentence that is necessary to promote respect for the law, provide just punishment and adequate deterrence, and to protect the public.   This sentence will ensure a not insignificant period of incarceration for an individual who has demonstrated a willingness to violate the law and to escape or abscond from less restrictive conditions when given the chance.   Therefore, a period of 18 months' incarceration, followed by a period of supervised release, would serve to best address the purposes of sentencing.

CONCLUSION

WHEREFORE, the United States respectfully requests that this Court accept the plea agreement between the parties and sentence the defendant to a term of 18 months' imprisonment.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ *Tavo Hall*
JACKSON TAVO HALL
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby certify that on October 19, 2022,
I filed the foregoing using CM/ECF
Which caused the following parties or counsel to
be served by electronic means, as more fully reflected
on the Notice of Electronic filing:

    Richard Pugh
    Attorney for Defendant
    pughlawoffice@gmail.com

/s/
Jackson Tavo Hall
Assistant United States Attorney